Ricardo R. ANAYA, Petitioner—
Appellant,

v.

R.Q. HICKMAN, Warden; Attorney
General of the State of California,
Respondents—Appellees.

No. 03–16603.

D.C. No. CV–00–05198–HGB.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 17, 2004.*

Decided Oct. 1, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

Ricardo R. Anaya, Ione, CA, Joan Jacobs Levie, Law Office of Joan Jacobs Levie, Fresno, CA, for Petitioner–Appellant.

Erik R. Brunkal, Sacramento, CA, for Respondent–Appellee.

Before BEEZER, W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM**

Appellant Ricardo Ramos Anaya, a California state prisoner, appeals the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253. Because Anaya filed his habeas petition after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). Under AEDPA, federal courts may not grant habeas relief unless the state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We review the district court's order de novo. *See Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003). We affirm.

Anaya was convicted of feloniously evading a police officer, *see* Cal. Veh.Code § 2800.2, and was sentenced to a prison term of 27 years to life under California's "three strikes" law. Anaya contends that his counsel was unconstitutionally ineffective for failing to move for a bifurcated trial in order to shield the jury from any knowledge of his prior convictions when it considered the vehicle code charge.

The district court correctly determined that this is an actual prejudice case under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and not a case of presumed prejudice under *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Anaya was not completely denied counsel, nor did his trial counsel " '*entirely* fail[ ] to subject the prosecution's case to meaningful adversarial testing.' " *Bell v. Cone,* 535 U.S. 685, 697, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (quoting *Cronic,* 466 U.S. at 659) (emphasis added in *Cone*). Rather, "[t]he aspects of counsel's performance challenged by [Anaya] . . . are plainly of the same ilk as other specific attorney errors [the Supreme Court has] held subject to *Strickland*'s performance and prejudice components." *Id.* at 697–98. Further, Anaya has not cited any clearly established federal law holding that prejudice must be presumed when defense counsel fails to seek bifurcation.

Because this case falls under *Strickland* rather than *Cronic,* Anaya must demonstrate that his counsel's performance was deficient and prejudiced his defense. *See Strickland,* 466 U.S. at 687. Even assuming (as did the state court) that defense counsel's performance fell below an objective standard of reasonableness, we cannot say that the state court's conclusion of no prejudice was an unreasonable application of Supreme Court case law, or that the state court unreasonably determined the facts of his case in light of the evidence

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

presented in the state proceeding. The state court found that there was "overwhelming" evidence that Anaya acted with the requisite "willful or wanton disregard for the safety of persons or property," *see* Cal. Veh.Code § 2800.2, relying on testimony that Anaya drove at high speeds in residential neighborhoods, ran six stop signs, veered onto the shoulder and across the center line and, finally, crashed into a canal bank. Consequently, the state court's determination that "the absence of a bifurcation motion did not prejudice the defense" survives AEDPA's stringent standard of review.

**AFFIRMED.**